**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL AZCONA, | |
| Plaintiff, | Civ. No. 23-479 (GC) (DEA) |
| v. | |
| CENTRAL OFFICE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | OPINION |
| Defendants. | |

**CASTNER, District Judge**

**I.   INTRODUCTION**

Plaintiff, Daniel Azcona ("Plaintiff" or "Azcona"), has filed a *pro se* civil complaint. (*See* ECF 1). Plaintiff's application to proceed *in forma pauperis* (*see* ECF 1-1) is granted and the Clerk will be ordered to file the Complaint.

This Court must screen the allegations of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's Complaint is dismissed without prejudice.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

The allegations of the Complaint shall be construed as true for purposes of this screening Opinion.[1] Plaintiff names the following as Defendants in this action:

---

[1] In addition to the Complaint, Plaintiff has submitted several letters to this Court. (*See* ECF 3, 4, 5 and 6). To the extent such letters could be construed as Plaintiff's attempt to amend his Complaint, such piecemeal attempts not permitted. *See Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *6 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor

1. Central Office of New Jersey Department of Corrections;

2. Investigator Merrington;

3. Ofc. Protyniak; and

4. Ofc. Becker.

Plaintiff states that the New Jersey Department of Corrections deprived him of food and shelter. (*See* ECF 1 at 4). Construed liberally, Plaintiff seeks to press federal criminal charges against the Defendants and requests monetary damages. (*See id.* at 3-4).

### III. LEGAL STANDARD

District courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The statute directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual

---

Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit ... addenda to his Complaint in ... piecemeal fashion"). Instead, Plaintiff needs to submit an all-inclusive amended complaint that raises all his claims.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.   DISCUSSION

This Court construes Plaintiff as attempting to raise conditions of confinement claims against the Defendants as well as seeking this Court to initiate federal criminal charges against the Defendants. Each of these claims is considered in turn.

### A. Conditions of Confinement

Plaintiff states that the New Jersey Department of Corrections has deprived him of shelter and food. The Eighth Amendment requires prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee the safety of the inmates.'"[2] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)) (other citations omitted). A prisoner asserting a condition of confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal

---

[2] To the extent Plaintiff was a pretrial detainee at the time giving rise to his claims, his conditions of confinement claims are analyzed under the Fourteenth Amendment as opposed to the Eighth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (explaining that Fourteenth Amendment applies to pretrial detainees' conditions of confinement claim).

civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A plaintiff must allege that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991). Thus, "'the official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'" *Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (quoting *Farmer*, 511 U.S. at 837). In analyzing whether the conditions of confinement violate the Constitution, a court examines the totality of the conditions at the institution. *See Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996). "Relevant considerations include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such as plumbing, ventilation, and showers." *Id.* (citing *Tillery v. Owens*, 907 F.2d 418, 427 (3d Cir. 1990)); *see also Riley v. DeCarlo*, 532 F. App'x 23, 26 (3d Cir. 2013).

This Court does not find that Plaintiff's conditions of confinement allegations satisfy the *Iqbal* facial plausibility standard to sufficiently state a claim. Indeed, Plaintiff merely lists the conditions of confinement (lack of shelter and food) he complains about in conclusory form without any context or supporting facts. Furthermore, it is incumbent upon Plaintiff to allege with some level of facial plausibility that the Defendants were personally involved in the purported constitutional violation. That can be shown through allegations of personal direction or of actual knowledge and acquiescence as to each defendant Plaintiff wishes to sue. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, No. 12–7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013). Plaintiff needs to allege this personal involvement of

each defendant he names if he is to proceed with a condition of confinement claim against certain individual Defendants. Therefore, Plaintiff's condition of conferment claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

B. Federal Criminal Charges

Construed liberally, Plaintiff may also be seeking to have federal criminal charges brought against the Defendants through this civil action. However, Plaintiff is not permitted to do so in this civil action. Indeed, "this Court is without authority to institute any criminal proceedings on [p]laintiff's behalf, since '"[i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person.'" *Alfred v. New Jersey*, No. 13-0332, 2014 WL 2559111, at *3 (D.N.J. June 6, 2014) (quoting *Abdullah v. New Jersey*, No. 12-4202, 2012 WL 2916738, at *7 (D.N.J. July 16, 2012)) (remaining citation omitted); *see also Anderson v. Soper*, No. 15-0055, 2015 WL 273650, at *2 (D.N.J. Jan. 22, 2015) ("The court has no authority to instigate a criminal prosecution; this is an exclusive function of the prosecutor.") (citations omitted); *Pilkey v. Nash*, No. 05-5419, 2006 WL 1797192, at *1 (D.N.J. June 26, 2006) ("A private plaintiff cannot force a criminal prosecution because 'the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors.'") (quoting *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996)) (remaining citations omitted).

Thus, the Complaint will be dismissed. Out of an abundance of caution, however, the dismissal will be without prejudice in the event Plaintiff can raise cognizable claims against Defendants in any proposed amended complaint. Any proposed amended complaint that Plaintiff submits will still be subject to this Court's *sua sponte* screening to examine whether Plaintiff has sufficiently stated a claim.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice. Plaintiff may file a proposed amended complaint that remains subject to this Court's screening process within thirty (30) days that raises cognizable claims against Defendants should he elect to do so. An appropriate Order will be entered.

DATED: March 15, 2023

GEORGETTE CASTNER
United States District Judge