**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL AZCONA,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL OFFICE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Civil Action No. 23-0479 (GC) (JTQ)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on the submission of a document docketed as a PROPOSED AMENDED COMPLAINT" by *pro se* Plaintiff Daniel Azcona (Amended Complaint), (ECF No. 11); and

**WHEREAS**, on March 15, 2023, the Court granted Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-1), on screening the initial Complaint, (ECF No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissed the Complaint without prejudice for failure to state a claim upon which relief may be granted, and permitted Plaintiff to submit a proposed amended complaint subject to this Court's screening process, *see Azcona v. Cent. Off. of N.J. Dep't of Corr.*, No. 23-479, 2023 WL 2523900 (D.N.J. Mar. 15, 2023); and

**WHEREAS**, on November 14, 2023, the Court entered a Memorandum and Order reopening this case, ordering that Plaintiff shall have thirty (30) days to file a proposed all-inclusive amended complaint; should Plaintiff elect not to file such a complaint, "the Court will screen only Plaintiff's claims and allegations in his most recently filed proposed Amended Complaint (ECF

11)," *Azcona v. Cent. Off. of N.J. Dep't of Corr.*, No. 23-479, 2023 WL 7629633, at *1 (D.N.J. Nov. 14, 2023); and

**WHEREAS** Plaintiff has not filed a proposed all-inclusive amended complaint, and, accordingly, the Court screens the Amended Complaint; and

**WHEREAS** "[t]he [Amended Complaint] is rambling, incoherent, apparently delusional, and duplicative of a number of complaints recently filed in this Court by Plaintiff" and, "[b]ecause the Court can not discern any legal claim in the [Amended Complaint] upon which relief may be granted, the [Amended Complaint] will be dismissed without prejudice,"[1] *Azcona v. NJDOC Staff*, No. 23-4355, 2024 WL 343109, at 1 (D.N.J. Jan. 30, 2024); and

**WHEREAS** this Court will afford Plaintiff one final opportunity to file an amended complaint to cure the deficiencies in his Amended Complaint (and Complaint); and

**WHEREAS** for the reasons set forth above and for good cause shown,

---

[1] Plaintiff has submitted several similar complaints in this District, which share the same (or similar) deficiencies. *See Azcona*, 2024 WL 343109, at *1 & n.1 (listing cases). For instance, Plaintiff's Amended Complaint is generally "written using a flurry of stream of consciousness phrases which are written with no clear order or purpose." *Azcona v. FBI Agent*, No. 25-783, No. 25-783, 2025 WL 1426350, at *2 (D.N.J. May 16, 2025). Plaintiff refers in passing to a "MIND SCANNER USED AS EVIDENCE/PROOF NOW AND AT JURY TRIAL FOR THE RECORD." (ECF No. 11 at 6.) Plaintiff also appears to claim that he was the victim of attempted murder, capital murder, and stalking, but he provides no factual content to support such bald accusations. (ECF No. 11 at 7); *see also Azcona*, 2023 WL 253900, at *2 (stating that, to survive screening for failure to state a claim, the complaint must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). The Amended Complaint appears to ask the Court to order criminal charges to be filed for "CONSPIRACY TO ATTEMPT MURDER, STALKING, BEING OUT OF JURISDICTION, CAPITAL MURDER – SNIPERS." (ECF No. 11 at 4.) However, as this Court has already noted, a private citizen has no authority to compel a federal prosecution. *See Azcona*, 2023 WL 253900, at *3. Finally, Plaintiff refers to the attachments, including "FBI.IC3.GOV VICTIM COMPLAINT," (ECF No. 11 at 5), but the attachments consist of approximately 150 pages of incoherent writings and various documents annotated with his "scrawled" handwriting, (*See* ECF Nos. 11-1, 11-2, 11-3, & 11-4). *See Azcona*, 2025 WL 146350, at *2.

**IT IS**, on this 23rd day of November, 2026,

**ORDERED** that Plaintiff's Amended Complaint, (ECF No. 11), is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff may submit a second amended complaint within forty-five (45) days of the date of entry of this Memorandum and Order if he is able to cure the deficiencies identified above; and it is further

**ORDERED** that, if Plaintiff does not submit a second amended complaint within forty-five (45) days of the date of entry of this Memorandum and Order, this dismissal will automatically convert to a **DISMISSAL with prejudice** without further notice from the Court; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending the expiration of the amendment period; and it is further

**ORDERED** that, upon expiration of the forty-five (45) day period, if no amended complaint is submitted, the Clerk of the Court shall mark this matter **CLOSED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order and a blank form DNJ-ProSe-006-ProSePrisCvRghtsCmpFrm-STANDARD-(Rev.05-2013, 12/2023) on Plaintiff by regular U.S. mail.

Georgette Castner

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**